[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is an appeal by the plaintiffs, William and Gertrude Van Eck ("the Van Ecks"), from the imposition of fines in excess of statutory authority by the defendant, the Zoning Board of Appeals of the Town of East Haven ("the Board").
The Van Ecks are the owners of real property known as 300 Main Street in the Town of East Haven. By notice dated April 12, 1997, Zoning Code Enforcement Officer ("ZEO') George Mingione, issued a "Notice of Intent to Institute Action" to the plaintiffs, imposing a fine of one hundred dollars per day for the plaintiffs' parking of a bus on the subject property. On April 21, 1997, the plaintiffs appealed this action to the Board (#97-024) On May 15, 1997, the Board held a public hearing on said appeal and on the same date denied said appeal. This appeal followed.
The defendant's Motion to Dismiss was denied on March 1, 1999. A hearing on the merits was held on October 28, 1999, at which time the plaintiffs were found aggrieved for purposes of standing to take this appeal.
 II
This dispute has a tangled history. By letter dated February 3, 1997, entitled "Notice of Site Plan (Zoning) Violation — Order to Abate", the Zoning Code Enforcement Officer alleged that the property owners of 300 Main Street were housing and operating an unauthorized and unapproved commercial bus service in/on the subject property in violation of the zoning regulations, and ordered the Van Ecks to cease and desist the operation of a bus terminal from the subject property "and remove said vehicle (bus) from the site within fifteen days." The Van Ecks appealed the order of the Zoning Code Enforcement Officer to the defendant Board which held a public hearing on said appeal (#97-006) on March 20, 1997. The plaintiffs did not appear at said hearing, the Board voted to deny said appeal, and the Van Ecks appealed to CT Page 1322 this court (NO. CV-97-0398774) the upholding by the Board of the ZEO's cease and desist order. The court dismissed that action on September 22, 1997 for failure to comply with the briefing schedule and, accordingly, the said cease and desist order remains in full force and effect.
Meanwhile, the ZEO issued the "Notice of Intent" dated April 12, 1997 and cited, supra, the plaintiffs appealed to the Board (#97-024) and the Board upheld the ZEO's action in imposing penalties. The plaintiffs appealed this decision of the Board to this court (CV97-0400937S). The court, Burns, J., dismissed said appeal, finding that the plaintiffs' appeal to the Board of the ZEO's action was untimely. The court's decision was issued on March 11, 1998.
No appeal of the court's decision was taken. Rather, the plaintiffs filed the instant appeal pursuant to the provisions of General Statutes, Section 8-8(q), again challenging the decision of the Board denying the plaintiffs' appeal of the ZEO's "Notice of Intent", that is, challenging the imposition of fines for violation of the cease and desist order.
 III
Following the March 20, 1997 denial by the Board of the plaintiffs' appeal of the cease and desist order, the ZEO issued the above-cited "Notice of Intent to Institute Action." Only claims with regard to this appeal are properly before this Court.
The plaintiffs claim they had no "actual notice" of the public hearing on their appeal (#97-024) nor of the action taken by the Board on said appeal. The transcript of the hearing of May 15, 1997 reveals that an attorney representing the plaintiffs appeared and participated in the said hearing. The court finds that the plaintiffs had notice and opportunity to be heard on said appeal. Further, the court finds that the plaintiffs had actual notice of the Board's decision on the plaintiffs' appeal. The record reveals that both a notice of hearing and a notice of said decision was published and the plaintiffs filed a timely appeal to this court challenging the Board's decision. The plaintiffs have failed to show prejudice by reason of any failure by the Board to give them personal notice of its decision.
 IV CT Page 1323
In the "Notice of Intent" dated April 12, 1997, the ZEO notified the plaintiffs "Insofar as since said Board's denial of said appeal you, as the property owner(s) have not abated the violations set forth in the Violation Notice dated February 3, 1997; it is the Town's intent to initiate a daily monetary fine of $100.00 per day per violation for each day that said violations go unabated."
The plaintiffs claim that the fine the defendant seeks to impose is excessive and beyond the limits established by the regulations. The court agrees.
In the "cease and desist" order, dated February 3, 1997, the ZEO cited two violations of the regulations. Violation #1 was use of the subject property for the housing and operation of a commercial bus service, a use prohibited in the CA-1 zone. Violation #2 is violation of the minimum parking requirements by housing the said bus in parking spaces needed to meet the said minimum requirements.
The plaintiffs argue that any fines for said violations are to be imposed pursuant to regulations, Section 53.2.1, which makes a violator liable for a penalty of one hundred dollars, with each seven days of a continued violation constituting a separate additional offense.
At the public hearing of May 15, 1997, the ZEO testified that he set the penalty pursuant to regulations, Section 53.3 and Section 53.4. The defendant Board, in denying the plaintiffs' appeal, albeit without discussion and with no reasons stated, clearly rejected the plaintiffs' argument and adopted the interpretation of the ZEO.
 V
In hearing an appeal of a ZEO's decision, the Board acts administratively, in a quasijudicial capacity, Lawrence v. ZoningBoard of Appeals, 158 Conn. 509, 513-14. Boards of appeal are necessarily entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application, Connecticut Sand StoneCorporation v. Zoning Board of Appeals, 150 Conn. 439, 442
(citation omitted). On appeal, the court is not bound by the Board's interpretation but must determine if the Board correctly CT Page 1324 interpreted the pertinent regulation and applied it with reasonable discretion to the facts, Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440. (citations, quotation marks omitted).
Regulations, Section 53.3, entitled, "Structures That Require A Variance", provides in pertinent part: "Any person . . . who shall erect, construct, alter, enlarge, convert or move any building or structure or any part thereof, prior to obtaining a permit shall be liable to a penalty of not more than $250.00 per violation per day . . ." Clearly, neither violation found by the ZEO could reasonably be construed to be the erection, construction, altering, enlarging, converting or moving of a building or structure.
Regulations, Section 53.4, entitled, "Unauthorized Changes To Approved Plans", provides, in pertinent part: "Any person . . . who modifies any approved site plan or who shall erect, construct, alter, enlarge, convert or move any building or structure or any part thereof, without obtaining Planning 
Zoning Commission and/or staff approval prior to making any changes shall be liable to a penalty of not more than Two Hundred and Fifty Dollars ($250.00) per day . . ." Again, this provision is simply not applicable to the violations found by the ZEO. Engaging in a prohibited use is not modification of a site plan.
"[W]e seek to discern the intent of the legislative body as manifested in the words of the regulation. Since zoning regulations are in derogation of common law property rights, however, the regulation cannot be construed beyond the fair import of its language to include or exclude by implication that which is not clearly within its express terms. The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning; and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. Common sense must be used in construing the regulation" (citations omitted), Spero v. ZoningBoard of Appeals, supra, at 441. The defendant Board's interpretation of regulations, Sections 53.3 and 53.4 to the said violations does not meet this test.
Regulations, Section 53.2.1, entitled "General", provides, in pertinent part, "Any person . . . . who violates any provision of these Regulations . . . or who shall use any building, structure or land in violation of these Regulations or in violation of the provisions of any zoning permit, any building permit or CT Page 1325 certificate of occupancy, and who fails to abate said violation within the time period specified on a violation notice, and after written notice has been served upon him either by certified mail or personal service, shall be liable to a penalty of One Hundred Dollars ($100.00) to be recovered with costs. Each seven (7) days of a continued violation shall constitute a separate additional offense." The court finds that the violations found by the ZEO fall precisely within the ambit of Section 53.2.1 and that any penalties imposed on the plaintiffs for said violations must be pursuant to the provisions of regulations, Section 53.2.1.
 VI
The plaintiffs have established, by a fair preponderance of the evidence, that the defendant Board, in denying the plaintiffs' appeal of the penalty noticed in the Notice of Intent to Institute Action dated April 12, 1997, acted illegally, arbitrarily and in abuse of discretion. Consequently, said Notice of Intent To Initiate Action is null and void, as is any penalty imposed on the plaintiffs pursuant to said Notice of Intent.
Accordingly, the plaintiffs' appeal is sustained and judgment may enter in favor of the plaintiffs William and Gertrude Van Eck.
By the Court,
Downey, J.